UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ORANDE BAPTISTE, | Civil Action No. 12-6499 (MAS) |
| Petitioner, | |
| v. | MEMORANDUM OPINION AND ORDER |
| BRIAN ELWOOD, et al., | |
| Respondents. | |

THIS MATTER having come before the Court by motion on behalf of Petitioner, Orande Baptiste, to amend his habeas petition filed under 28 U.S.C. § 2241 (ECF No. 11); and the Court having considered the motion papers and the Respondents' opposition brief thereto (ECF No. 12); and the motion being considered on the papers pursuant to Rule 78 of the Federal Rules of Civil Procedure; and it appearing that:

1. On October 15, 2012, Petitioner, Orande Baptiste, filed a petition *pro se* seeking habeas relief under 28 U.S.C. § 2241. The initial petition seeks a bond hearing for Petitioner's release under supervision on the ground that Petitioner's mandatory detention under 8 U.S.C. § 1226(c) was unlawful.

2. Respondents filed an answer to the petition on January 22, 2013. (ECF No. 9.) Respondents contend that Petitioner is an arriving alien seeking admission to the United States, and thus, his mandatory detention is authorized by 8 U.S.C. § 1225(b)(2)(A). (*Id.*)

3. Petitioner thereafter retained counsel, and on April 1, 2013, Petitioner's counsel filed an application for *pro hac vice* admission (ECF No. 10), which was granted by Order dated June

18, 2013. (ECF No. 14.) Also on April 1, 2013, Petitioner's counsel filed a motion to amend the petition. (ECF No. 11.)

4. The proposed amended petition does not seek new or different relief, nor does it allege new facts or circumstances regarding Petitioner's detention and removal proceedings. Rather, the proposed amendment simply asserts additional claims in support of Petitioner's continuing request for a bond hearing and release from custody. The amendment also addresses the Government's asserted statutory basis for Petitioner's detention. Namely, the amended petition avers that: (Count One) the Government's detention authority has exceeded constitutional thresholds; (Count Two) Petitioner's prolonged detention violates substantive due process guaranteed by the Fifth Amendment; and (Count Three) Petitioner's detention without a right to a bond hearing offends his right to procedural due process in violation of the Fifth Amendment.

5. On April 22, 2013, the Government filed a letter brief in opposition to Petitioner's motion. The Government argues that the motion should be denied as futile because the amended petition does not allege facts upon which habeas relief may be granted. (ECF No. 12.)

6. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading upon leave of court. This Rule expressly states that "[t]he court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2); *see also Forman v. Davis*, 371 U.S. 178, 182 (1962); *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *Haas v. Burlington County*, --- F. Supp.2d ----, 2013 WL 3305853, *2 (D.N.J. Jun. 30, 2013).

7. This Court discerns no undue or substantial prejudice to the Government should the amendment be permitted. Nor does the Court find any dilatory motive or bad faith on Petitioner's part in seeking to amend his petition. *See Long*, 393 F.3d at 400; *see also Haynes v. Moore*, 405 F. App'x 562, 564 (3d Cir. 2011). Rather, it appears that Petitioner's counsel seeks

to advance all plausible claims on Petitioner's behalf and has done so at the earliest opportunity, *i.e.*, upon Petitioner's engagement of counsel.

8. Finally, in light of the Supreme Court's decision in *Clark v. Martinez*, 543 U.S. 371, 380 (2005) (applying the canon of constitutional avoidance in extending due process protections to inadmissible aliens subject to mandatory detention pending removal) and the recent decision by the United States Court of Appeals for the Third Circuit in *Diop v. ICE/Homeland Security*, 656 F.3d 221 (3d Cir. 2011) (finding that "[a]t a certain point, continued detention becomes unreasonable and ... implementation of [8 U.S.C.] § 1226(c) becomes unconstitutional unless the Government has justified its actions at a hearing inquiring into whether continued detention is consistent with the law's purposes of preventing flight and dangers to the community."), the Court does not find that the amendment would be futile as argued by the Government.

THEREFORE, for the reasons set forth above,

It is on this 25th day of November, 2013,

ORDERED that Petitioner's motion to amend his petition (ECF No. 11) is hereby GRANTED; and it is further

ORDERED that the Clerk shall serve this Order upon Respondents and Petitioner's counsel by electronic filing.

MICHAEL A. SHIPP
United States District Judge

3